BARKER, P. J., and DWIGHT, J., concur.

In the Matter of the Final Accounting of LE ROY PARKER, Assignee, etc., Appellant.

*Supreme Court, Second Department, General Term, December 30, 1889.*

1. *Assignment for creditors.  Preference.*—Money, paid by a husband for land conveyed to this wife at a time when he had no creditors is not applicable to reduce his subsequent debt to her, which has been preferred in his general assignment.
2. *Appeal.  Exceptions.*—Where the finding of fact consists only of a statement of a balance found due, an exception thereto duly taken is sufficient to bring up a question of the allowance of a credit involved in such finding and stated in a schedule annexed to the findings. The statement of the items of debit and credit, contained in the schedule, is not subject to exception.

Appeal from a judgment of the county court of Genesee county rendered on the final accounting of an assignee in a general assignment for the benefit of creditors.

*Le Roy Parker*, in person, for appellant.

*H. F. Tarbox*, for respondents.

DWIGHT, J.—We concur with the learned county judge in all the conclusions reached by him upon this accounting, with a single exception ; and we refer to his opinion for the grounds of those conclusions.

The finding in which we do not fully concur is that by which, in effect, the assignee is charged with overpayment to the preferred creditor by the amount of certain payments by the assignor for real estate conveyed to his wife, who was the creditor preferred by the assignment.

The sole question in the case was as to the amount of the indebtedness of the assignor to his wife; and the county judge reduced that amount by the payments mentioned ; among them was the payment of $1,580, for the "home place," in Batavia, which was bought by the assignor and the conveyance taken to his wife.

The first of the indebtedness of the husband to his wife grew out of the receipts by him, as her agent or trustee, of the proceeds of the sales of lands which had been conveyed to her by her father. These sales began and the first money of his wife was received by the assignor in 1851; whereas the purchase by him of the home place in Batavia was in the year 1849. At this time, so far as appears, the assignor was not indebted to anybody ; and the purchase price of this piece of land was paid by him, with his own money, at a time when he was at liberty to make a gift to his wife discharged of any claim of creditors. In view of these facts, which seem to be undisputed, we think the county judge fell into an inadvertence in treating this sum of $1,580 as applicable in reduction of the subsequent debt of the husband to the wife. The sum in question is included in an item of $1,807.50, " By cash paid for real estate " on the credit side of the account between the husband and wife, as

stated by the county judge in schedule A. attached to his findings. It is objected that no exception was taken by the assignee to this allowance of credit. But it is to be observed that the finding of fact in respect to the indebtedness of the assignor to his wife is general, consisting only of a statement of the balance found to be due, at the date of the assignment, and this finding is duly excepted to. The statement of items of debit and credit is contained in a schedule only, and was not subject to exception.

We think the judgment or decree appealed from should be modified by deducting from the amount with which the assignee is charged, as remaining in his hands, the above sum of $1,580, and that as so modified it should be affirmed, without costs of this appeal to either party.

So ordered.

BARKER, P. J., and MACOMBER, J., concur.